No. 9585.

JAMES A. McCOY vs. JOSEPH H. WEBER AND JAMES FAHEY.

A notary will not be held individually responsible for paying the price of sale, deposited by the purchaser, to the ostensible owner and vendor in the absence of proper instructions given to him and *accepted* by him to pay it otherwise.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*T. M. Gill* for Plaintiff and Appellant.

*W. B. Lancaster, H. Chiapella* and *Chas. Louque* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff sues to annul a sale of real estate made by one Guérin to the defendant Weber, or to recover from the latter and Fahey, the notary who passed the act, the price of sale, $2250.

He charges that the property belonged to him, although in Guérin's name; that it was understood with Guérin, Weber, Fahey and himself that the money would be paid to him, but that Weber paid it to Fahey, who gave it to Guérin.

He urges that, as the price was not paid to him, the sale should be annulled, but that the sale may be maintained, *provided* he recover the price from Weber and Fahey.

Guérin is not made a defendant, but Weber and Fahey are. Guérin, however, testified. They deny all averments to show any undertaking by them to retain the price for plaintiff's account, to fix any obligation on them in this regard.

From an adverse judgment plaintiff appeals.

It appears that the property was put for sale in the hands of Hoey, a real estate agent; that Guérin, in whose name the property stood, gave to McCoy, who handed it to Hoey, a paper, which was not produced, the tenor of which was a disclaimer of title; that this paper was, after a purchaser had been secured, delivered promiscuously with others to Fahey, without calling his attention to it; that Fahey never knew of the existence of such paper, and probably destroyed it; that the parties called at the notary's office two or three times; that Weber, the purchaser, paid the price into the notary's hands; that it was applied by that officer to the payment of the broker's bills, to the retirement of notes secured on the property, to the discharge of taxes due, and that the residue, $575, was paid by Fahey to Guérin, who, on

collecting the amount of the check given him therefor, paid it over to Mrs. McCoy, plaintiff's wife.

There is nothing to show that Fahey was ever instructed in writing or otherwise by Guérin to pay the price to McCoy, or that McCoy ever informed Fahey that the money was not to be paid to Guérin, but to him, McCoy, alone.

The evidence shows that Fahey once asked plaintiff who the money was to go to, and that plaintiff did not answer the question.

It also establishes that plaintiff requested Guérin to attend the signing of the act jointly with him, McCoy, who claimed the price, for otherwise he would not get it and that there was an understanding (to the reverse of plaintiff's allegation) that the money was to be paid to Guérin, who was recognized by McCoy as the person who was to receive the price.

There is not a scintilla of evidence that Fahey ever agreed to act as the agent of either McCoy or Guérin. It is apparent that his participation in the matter was purely official, except as regards the retirement of the notes, secured on the property, of which he was the bearer at the time of the transaction.

The only ground on which he could have been liable, would have been a disregard of his obligations as McCoy's agent and consequent injury.

Mandate is an act by which one person gives power to another to transact for him and in his name one or several affairs. R. C. C. 2985.

It is a contract which is completed only after the acceptance of the mandatory. R. C. C. 2988.

If the person said to have been instituted attorney in fact pleads that he has not accepted, it is incumbent on the principal to show he has. R. C. C. 2990.

One surely cannot be held liable for not having done that which he was under no obligation to do, for it is only from the assumption of the duty that responsibility attaches in case of breach.

A previous Court once properly held that, when the agent's instructions are so ambiguous as to leave it doubtful whether he should pay a fund entrusted to him, to one creditor or to another, and acting in good faith he pays it to the one not intended, the other has no action against him. 6 Ann. 466; Story on Agency, 74.

It follows from the circumstances of this case and the law by which they are ruled, that, as Fahey never was instructed and never *accepted* to pay the price to McCoy, and as he acted in good faith and officially

only throughout in the matter, he is not responsible for what he has done. His duty was to have paid, as he did, the money to the ostensible owner and vendor. In doing this, he carried out his mandate as a depository of the fund, under Weber's instructions.

There is no evidence to saddle any liability on Weber, the purchaser.

Judgment affirmed.